**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 96-2144**

———————————

GREGORY L. A. THOMAS, Chartered,

Plaintiff - Appellant,

versus

BELL ATLANTIC MARYLAND, INCORPORATED,

Defendant - Appellee.

———————————

**No. 96-2478**

———————————

GREGORY L. A. THOMAS, Chartered,

Plaintiff - Appellant,

versus

BELL ATLANTIC MARYLAND, INCORPORATED,

Defendant - Appellee.

———————————

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-96-1488-PJM)

———————————

Submitted:  June 17, 1997          Decided:  September 3, 1997

Before HALL, NIEMEYER, and MOTZ, Circuit Judges.

No. 96-2144 dismissed and No. 96-2478 affirmed by unpublished per curiam opinion.

Gregory Lee Andrew Thomas, Appellant Pro Se. Donald P. Maiberger, ANDERSON & QUINN, Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals two orders entered in an action challenging billing practices in connection with a change of telephone service. In No. 96-2478, we have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court.[*] <u>Thomas v. Bell Atlantic Md., Inc.</u>, No. CA-96-1488-PJM (D. Md. Sept. 19, 1996). In light of this decision, the appeal in No. 96-2144 from the denial of injunctive relief is moot. Accordingly, we dismiss that appeal. We deny Appellant's motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-2144 - <u>DISMISSED</u>

No. 96-2478 - <u>AFFIRMED</u>

---

[*] To the extent that the district court's order could be construed as a dismissal without prejudice for failure to exhaust state administrative remedies, we note that even if Appellant exhausted such remedies, there would be no federal jurisdiction over this case.